UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY J. SIKORSKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:13-CV-1167 RLM |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| Defendant | ) |

OPINION AND ORDER

On November 6, 2013, Anthony Sikorski filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying his application for disability benefits. The Commissioner moved to dismiss under FED. R. CIV. P. 12(b)(6), contending that the complaint is time barred under 42 U.S.C. § 405(g) because it wasn't filed within sixty days after notice of the decision was received, and that Mr. Sikorski hasn't identified an equitable basis for tolling the limitations period. The court agrees and grants the motion to dismiss.

Plaintiff's counsel concedes in her response that the complaint was filed after the deadline, but contends that it was the result of excusable neglect because: (1) she wasn't able to acquire Mr. Sikorski's signature on the application to proceed without prepaying fees or costs until November 4, 2013 and couldn't get to the clerk's office before it closed;[1] (2) the late filing was based on a "plausible

---

[1] The application [Doc. No. 4] indicates that Mr. Sikorski signed it on November 3, 2013.

misinterpretation" of FED. R. CIV. P. 5(d)(2); and (3) she made a good faith effort to file the complaint in a timely manner when she mailed it to the Clerk of Court, consistent with Indiana Rule of Trial Procedure 5(F)(3).[2] She therefore asks the court to grant the plaintiff a one-day extension of time under FED. R. CIV. P. 6(b)(1)(B), and deem the complaint timely filed.

Mr. Sikorski had sixty days from "the mailing to him of notice of [the Commissioner's final] decision" to commence a civil action for judicial review. 42 U.S.C. §§ 405(g) and 1383(c)(3). "A civil action is commenced by filing a compliant with the court." FED. R. CIV. P. 3. Under federal regulations, the clock began to run when Mr. Sikorski received the notice – presumably September 4, 2013 (five days after the date of the notice (August 30, 2013)).[3] *See* 20 C.F.R. § 422.210(c).

To be timely, the complaint had to have been filed by November 4, 2014. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). It wasn't filed until November 6, 2013, and counsel's interpretation of FED. R. CIV. P. 5(d) and her assertion that the complaint should be deemed "filed" when "mailed" is mistaken.

---

[2] Plaintiff's counsel, Nancy Green, attests in her affidavit [Doc. No. 13-2] that she "mailed the [complaint] certified mail", but she doesn't indicate when she mailed it and didn't attach a copy of the return receipt evidencing the mailing date.

[3] Ms. Green asserts that she received the Notice of Appeals Council Action on September 5, 2013 [*see* Doc. Nos. 13-1 and 13-2], and that the complaint was filed 61 days later–only one day late. But the August 30, 2013 Notice was addressed to Mr. Sikorski at his home address, not Ms. Green, and is presumed to have been received by him five days later, on September 4, 2013. 20 C.F.R. § 422.210(c).

2

Indiana's Rules of Trial Procedure don't apply in federal court, and neither the federal rules, nor this court's local rules, deem a paper filed when mailed. FED. R. CIV. P. 5(d) states in relevant part:

> (2) <u>How Filing Is Made – *In General*</u>.  A paper is filed by delivering it:
> (A) to the clerk; or
> (B) to a judge who agrees to accept it for filing....
>
> (3) <u>Electronic Filing, Signing, or Verification</u>.  A court may, by local rule, allow papers to be filed, signed, or verified by electronic means…*A local rule may require electronic filing only if reasonable exceptions are allowed.*

(emphasis added). Electronic filing is authorized under Rule 5(d)(3) and has been mandatory in this district since January 1, 2005. *See* Local Rule 5-1 and Sec. II the *CM/ECF User Manual* at pp. 3-4 (Rev. Jan. 31, 2014).[4] While there are exceptions, *see* Sec. III(A)(1)-(3) of the *CM/ECF User Manual* at p. 9-10, they don't apply here.[5]

---

[4] Section II of the CM/ECF User Manual provides:

**A.    Filing**
(1) Unless otherwise permitted by these procedures or otherwise authorized by the assigned judge, all documents submitted for filing in this district in civil and criminal cases, no matter when a case was originally filed, shall be filed electronically using the [Case Management/Electronic Case Filing (CM/ECF)]System.
***
**B.    Filing a Civil Complaint:**
All new civil complaints must be filed electronically in CM/ECF....

[5] To be admitted to practice before this court an attorney must certify that he or she has read and will abide by the court's local rules, *see* Local Rule 83-5(c)(3)(B)(ii). The court thus presumes that plaintiff's counsel in familiar with Local Rule 5-1 and the electronic filing rules in the *CM/ECF User Manual*.

Mr. Sikorski had until midnight Eastern Time on November 4, 2013 to electronically file his complaint, and didn't file it or demonstrate an equitable basis for tolling the limitations period and extending the filing deadline.[6] His complaint is therefore untimely. *Accord* <u>Farley v. Koepp</u>, 2014 WL 811839 at * 3-5 (S.D. Ill. Mar. 3, 2014) (holding that complaint was filed when it was docketed in the CM/ECF system and Notice of Electronic Filing was generated, not when it was emailed to the Clerk of Court, and was barred by applicable statute of limitations).

Accordingly, the Commissioner's motion to dismiss [Doc. No. 12] is GRANTED, and the case is DISMISSED.

SO ORDERED.

ENTERED:   April 8, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[6] Section II(I) of the *CM/ECF User Manual* provides:

Filing documents electronically does not alter any filing deadlines or any time computation pursuant to Fed. R. Civ. P. 6....[A]ll electronic transmissions or documents must be completed (i.e., received completely by the clerk's office) prior to **midnight Eastern Time**, (South Bend/Fort Wayne/Lafayette time) in order to be considered timely filed that day, **regardless of the local time in the division were the case is pending**....